Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
ADRIAN JIMENEZ AND ALBERTO GONZALEZ
*INDIVIDUALLY AND ON BEHALF OF OTHERS
SIMILARLY SITUATED*

                    *PLAINTIFF,*

FRPP, INC. (DBA GOODFELLA'S) AND FRANK
RIZZUTO

                *Defendants.*
-------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Adrian Jimenez and Alberto Gonzalez bring this Class and Collective Action Complaint on behalf of himself and similarly situated co-workers against FRPP, INC. (DBA Goodfella's) and Frank Rizzuto (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## NATURE OF ACTION

1. This Class and Collective Action Complaint seeks to recover unpaid wages, overtime compensation for Plaintiffs and similarly situated co-workers who have been employed by Defendants to work in FRPP, INC. (DBA Goodfella's) for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. The plaintiffs are former employees of Defendants who were employed as cooks at FRPP, INC. (DBA Goodfella's) in New York.

3. FRPP, INC. is a New York Corporation with its headquarters at 1817 Victory Blvd, Staten Island, NY 10314.

4. At all relevant times, Plaintiffs regularly work for Defendants in excess of 40 hours per week without receiving appropriate overtime compensation for any of the hours that they worked.

5. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

6. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

7. Plaintiff now bring this Class and Collective Action on behalf of themselves and other similarly situated individuals, for federal and state claims relating to unpaid wages, unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"),

N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

8.     In connection with the above-mentioned allegations and claims, Plaintiffs seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

9.     Plaintiffs seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 USC §§1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

11.    This Court also has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12.    This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13.    The venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, Plaintiff resides in this District, and because a substantial part of the events that are the subject of the litigation transpired in this District.

## **COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

14. Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on or after February 4, 2017, who elect to opt-in to this action (the "FLSA Collective").

15. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

16. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay minimum and overtime wages for hours worked in excess of 40 hours per week;

   b. Willfully failing to keep records that satisfy statutory requirements.

17. At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

18. The claims of Plaintiffs stated herein are similar to those of the other employees and Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

19. Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

20. The defendants' unlawful conduct has been widespread, repeated and consistent.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring specific NYLL claims pursuant to FRCP 23 on behalf of all of the Defendants' employees who work or have worked for Defendants from February 4, 2017, and the date of final judgment in this matter ("the Class").

22. Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

23. On information and belief, the size of the Class is roughly twenty (20) individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of the Defendants.

24. Common questions of law and fact exist as to the Class that predominates over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

   b. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

   c. Whether Defendants misclassified Plaintiff and members of the Class as exempt;

    d. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

    e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    f. The nature and extent of class-wide injury and the measure of damages for those injuries.

25. Plaintiffs' claims are typical of the Class's claims that he seeks to represent. Defendants employed Plaintiff and the Class in New York State. Plaintiffs and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiffs and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiffs and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

26. Plaintiffs will fairly and adequately represent and protect the interests of the Class's members. Plaintiffs understand that as class representative they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Class's interests. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class. Plaintiffs understands that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at

deposition/trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute a lawsuit against Defendants vigorously to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

28. This action is properly maintainable as a class action under FRCP 23(b)(3).

## PARTIES

*Plaintiff*

29. Plaintiff Adrian Jimenez ("Plaintiff Jimenez") is an adult individual residing in Staten Island, NY. Plaintiff Jimenez has been employed by Defendants for about eight (8) years. At all relevant times to this complaint, Plaintiff Jimenez was employed by Defendants to work as a cook at their restaurant located at 1817 Victory Blvd, Staten Island, NY 10314.

30. Plaintiff Alberto Gonzalez, ("Plaintiff Gonzalez") is an adult individual residing in Staten Island, NY. Plaintiff Gonzalez has been working for Defendants for about eleven (11) years.

At all relevant times to this complaint, Plaintiff Gonzalez was employed by Defendants to work as a cook at their restaurant located at 1817 Victory Blvd, Staten Island, NY 10314.

31. Plaintiffs consent to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

32. Corporate Defendants have owned, operated and controlled FRPP, INC.; all times relevant to this complaint.

33. On information and belief, FRPP, INC. is a corporation organized and existing under the laws of the State of New York.

34. Upon information and belief FRPP, INC., collectively has more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

35. On information and belief, the operations of FRPP, INC., individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

## COMMON FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

36. Defendants operate a business where the Plaintiffs worked. At all relevant times, Frank Rizzuto: possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

37. Corporate Defendants act in the interest of themselves with respect to employees, pay employees by the same method, and share control over the employees.

38. At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39. Corporate Defendants jointly employed Plaintiffs, and all similarly situated individuals and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

40. In the alternative, Corporate Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals, as the corporate divisions between them are fictional.

41. At all relevant times, Corporate Defendants were the Plaintiffs' employers within the meaning of the FLSA, NYLL, and other laws.

42. Corporate Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

43. Corporate Defendants supervised the Plaintiffs' work schedules and conditions of their employment.

44. Corporate Defendants also determined the rate and method of payment for Plaintiffs and other similarly situated employees.

45. Corporate Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Adrian Jimenez*

46. Plaintiff Adrian Jimenez is a former employee of Defendants, primarily employed in performing the duties of a cook.

47. Plaintiff doesn't work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff doesn't come and go at his pleasure but is controlled by Defendants.

48. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor. Plaintiff did not receive a salary and these primary duties.

49. Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

50. Plaintiff Jimenez worked with Defendants for about (8) eight years. From 2015 until the present time.

51. Plaintiff Jimenez regularly handled goods in interstate commerce, such as items produced outside of the State of New York used at Goodfellas.

52. Plaintiff Jimenez's work duties required neither discretion nor independent judgment.

53. Throughout his employment with Defendants, Plaintiff Jimenez worked in excess of 40 hours per week.

54. Plaintiff Jimenez's work schedule was typically (5) five days per week. Approximately eleven (11) hours per day, fifty-five (55) hours per week.

55. Plaintiff Jimenez's payment was ($13) thirteen per hour at the beginning of his employment, from 2015 until 2017.

56. In 2018 Defendants paid Plaintiff fourteen ($14) per hour, and currently, his salary is fifteen ($15) per hour.

57. Defendants never paid overtime for hours beyond (40) per week. Plaintiff is paid half (1/2) in cash and half (1/2) in check.

58. Defendants did not provide Plaintiff Jimenez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

59. Defendants never provided Plaintiff Jimenez with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Individual Plaintiff Alberto Gonzalez*

60. Plaintiff Alberto Gonzalez is an employee of Defendants, primarily employed in performing the duties of a cook.

61. Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff does not come and go at his pleasure but rather is controlled by Defendants.

62. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiff did not receive salary and these primary duties.

63. Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

64. Plaintiff Gonzalez worked with Defendants for about eleven (11) years.

65. Plaintiff Gonzalez regularly handled goods in interstate commerce, such as dough and sauces that were produced outside of the State of New York.

66. Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

67. Throughout his employment with Defendants, Plaintiff Gonzalez worked in excess of 40 hours per week.

68. Plaintiff Gonzalez's work schedule is typically (6) days per week, sometimes seven (7) days per week. Approximately eleven (11) hours per day, sixty-five (65) hours per week.

69. Defendants currently pay Plaintiff Gonzalez $14.70 per hour, which is $.30 less than the required minimum wage of $15.00.

70. Defendants never paid overtime for hours beyond (40) per week. Plaintiff is paid his wages in cash.

71. Defendants did not provide Plaintiff Gonzalez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

72. Defendants never provided Plaintiff Gonzalez with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

73. Defendants regularly required Plaintiffs to work without paying them the proper overtime wages or spread of-hours compensation.

74. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75. By employing this practice, Defendants avoided paying Plaintiffs at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

76. Defendants failed to post required wage and hour posters. They did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

77. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked and to avoid paying Plaintiffs properly.

78. Defendants did not provide Plaintiffs and similarly situated employees with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

79. Defendants failed to provide Plaintiffs and other employees with _accurate_ wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

80. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 4, 2017, of each subsequent year, a statement in English and the employee's primary language containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime/ Minimum Wage/Recordkeeping Provisions)**

81. Plaintiffs repeat and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

83. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85. Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) minimum wage and overtime compensation at rates of one and one-half times the

regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

86. Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Defendants failed to satisfy the FLSA's recordkeeping requirements.

88. Defendants acted willfully in their violations of the FLSA's requirements.

89. Plaintiffs (and the FLSA Collective) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/ Spread-of-Hours-Pay/Recordkeeping)**

90. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

92. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

93. Defendants' failure to pay Plaintiffs (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiffs (and the Class Members) were damaged in an amount to be determined at trial.

95. Plaintiffs repeat and realleges all paragraphs above as though fully set forth herein.

96. Defendant's failure to pay Plaintiffs (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

97. The plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

98. Plaintiffs repeat and realleges all paragraphs above as though fully set forth herein.

99. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular payday, and other information as required by NYLL §195(1).

100. Plaintiffs repeat and realleges all paragraphs above as though set forth fully herein.

101. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

102. Defendants acted willfully in their violation of the above-described NYLL requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency

of this action, its nature, and their right to join, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c) Designating Plaintiffs as Class Representatives, reasonable service awards for each Plaintiff, and their counsel of record as Class Counsel;

(d) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(e) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours.

(f) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(g) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages.

(h) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the Class;

(j) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members compensation, hours, wages; and

any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA Class members;

(l) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 4th, 2023

By: 
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*